UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JUSTICE AUSTIN                                                      PLAINTIFF

v.                                  CIVIL ACTION NO. 1:23-CV-P132-JHM

DUSTIN YOUNG *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will

dismiss some claims and allow one claim to proceed.

**I.**

Plaintiff Justice Austin is incarcerated as a convicted prisoner at Barren County Detention

Center (BCDC).  He sues BCDC, BCDC Officer Dustin Young, and BCDC Jailer Aaron Shirley.

He sues Defendants Young and Shirley in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On January 31 I was getting booked into [BCDC].  Not for sure about the time but
Mr. Young was working 3rd shift and was doing paperwork and property.  I had
just left Walmart earlier that evening and got my girlfriends tax money for our bills
and never made it home.  Before coming into jail, so I had a substantial amount of
money in my wallet.  I never seen what happened to my property.  I just know he
was the one that handled it.  So that following Sunday I went to sign out my property
to my girlfriend.  Because bills was due and the money I came in with was never
put on my commissary.  So I knew it had to still be in my wallet for her to use.  To
my surprise when she got here to get it, my wallet was empty.  I was lost as to where
it went.  I began to get mad and question things as well.  From my understanding
state troopers got involved to investigate.  To which the found footage of Mr.
Young taking my things.  Then I hear he admitted to taking $1,500 cash to pay
some bills and purchase a firearm.  In which there was $3,200 missing.  My money
was stolen by a C/O here at BCDC.  Found guilty and I have still yet to receive a
penny and every since then I've been put through a bunch of pain and suffering.
The jailer here Aaron Shirley was not happy about this situation.  Because this
happened within the first month of him being here.  He came into my cell and asked
me to clear his name.  I asked him if he was going to help me with bills because

this happened on his shift and facility, he told me no, so I told him no and every since then, they have harassed me.  The only thing these guards can tell me as to why.  They say its all been Mr. Shirley's call.  I've had property taken that was purchased off commissary and been placed in the hole for no reason.  I've been mased and mistreated since that incident happened.  I've filed grievances and nothing has been done about it.  Because at the end of the day, all of them go the jailor and stop there.  So he is in control of the whole situation.  When I say something about what's going on.  I make him mad and my situation worse and I get moved from cell to cell never able to get comfortable.

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v.*

*Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Defendant BCDC and Official-Capacity Claims

Defendant BCDC is not an entity subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, 238 F.3d 422 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).   In this situation, Barren County is the proper Defendant. Similarly, Plaintiff's official-capacity claims against Defendants Young and Shirley are against their employer, which is also Barren County.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

A municipality such as Barren County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1971); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Barren County.  As such, the Court will dismiss Plaintiff's claims against BCDC and his official-capacity claims against Defendants Young and Shirley for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

### 1. Defendant Young

The Court construes the complaint as asserting a claim against Defendant Young for stealing Plaintiff's personal property. This allegation, however, does not give rise to a constitutional violation actionable under § 1983.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). *In Wagner*, the plaintiff claimed that his Fourteenth Amendment due process rights were violated when police officers allegedly stole personal property from his automobile after it was impounded. The court dismissed this claim because a common law action for unlawful conversion of property or, alternatively, for custodial negligence, was available to the plaintiff in the state courts of Kentucky. *Id*.

5

Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, he fails to state a constitutional claim upon which relief may be granted. *See also Jones v. Scroggy*, Nos. 87-5753, 87-5754, 840 F.2d 17 (6th Cir. 1988) (affirming dismissal of plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because the state provided adequate post-deprivation remedies); *Stokley v. Dismas Charities, Inc.*, No. 3:14CV-P30-S, 2014 U.S. Dist. LEXIS 102234 (W.D. Ky. July 25, 2014) (dismissing § 1983 claim based on the plaintiff's allegation that his property was stolen at a halfway house because an official there "failed to provide reasonable amount of protection for my property" for the reasons set forth above).

### 2.  Defendant Shirley

Plaintiff alleges that after he refused to "clear [Defendant Shirley]'s name" with regard to the alleged theft of his property by Defendant Young, Defendant Shirley retaliated against him by having property taken that Plaintiff purchased from the commissary, having Plaintiff placed in the "hole" for no reason, and having Plaintiff "mased."  Based upon these allegations, <u>the Court will allow a First Amendment retaliation claim to proceed against Defendant Shirley in his individual capacity</u>.  In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### IV.

For the foregoing reasons, **IT IS ORDERED** that **Plaintiff's claims against Defendants BCDC and Officer Young and his official-capacity claim against Defendant Shirley are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Because no claims remain against them, the **Clerk of Court** is **DIRECTED to terminate BCDC and Dustin Young as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date:  December 18, 2023

*[signature]*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:     Plaintiff, *pro se*
         Defendant Shirley
         Barren County Attorney
4414.011