UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JUSTICE AUSTIN**                                                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:23-CV-P132-JHM**

**DUSTIN YOUNG** *et al.*                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

       This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon a motion for summary judgment filed by Defendant Aaron Shirley (DN 20). Plaintiff Justice Austin has filed a response (DN 23), and Defendant Shirley has filed a reply (DN 24). This matter is ripe for decision. For the reasons set forth below, the Court will grant Defendant Shirley's motion for summary judgment.

**I.**

       Plaintiff initiated the instant action when he was incarcerated at Barren County Detention Center (BCDC). In the verified complaint (DN 1), Plaintiff alleged that BCDC Officer Dustin Young was found guilty of stealing approximately $1500 from Plaintiff's wallet after Plaintiff was booked into BCDC. Plaintiff further alleged that Defendant Shirley, the BCDC Jailer, retaliated against Plaintiff for reporting that Officer Young had stolen money from him and then refusing "to clear" Defendant Shirley's name. He alleged that Defendant Shirley directed BCDC guards to take property Plaintiff had purchased from the commissary; to mace Plaintiff; and to place him "in the hole." Based upon these allegations, upon initial review of the complaint pursuant to 28 U.S.C. § 1915A (DN 8), the Court allowed First Amendment retaliation claims to proceed against Defendant Shirley in his individual capacity.

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and

that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).

## III.

### A. Summary Judgment Motion

In his motion, Defendant Shirley argues that judgment should be entered in his favor based on the merits of each retaliation claim; because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act; and because he is entitled to qualified immunity. Because Defendant Shirley shows, as explained below, that he is entitled to summary judgment on the merits, the Court will not address his exhaustion or qualified immunity arguments.

A First Amendment retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct." *Berkshire v. Dahl*, 928 F.3d 520, 531 (6th Cir. 2019) (quoting *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012)).

For purposes of this Memorandum Opinion and Order, the Court will assume that Plaintiff has satisfied the first prong and engaged in protected conduct when he reported that a BCDC officer had stolen his property. The Court will also assume that directing BCDC officers to confiscate property Plaintiff had purchased from the commissary, mace Plaintiff, and place him "in the hole" constitute adverse actions under the second prong.[1]

---

[1] In the affidavit attached to his response, Plaintiff asserts for the first time that Defendant Shirley also retaliated against him by withholding his mail, destroying paperwork from a medical appointment, and denying him medical care. These are new allegations and cannot be raised now. *See, e.g.*, *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 667 (6th Cir. 2012) ("The bar against asserting new theories at the summary-judgment-response stage is well established.").

The third prong goes to a plaintiff's ability to produce evidence of a "causal connection" between the first two elements of his retaliation claim. A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). "Conclusory allegations of retaliatory motive 'unsupported by material facts [are] not sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). But because of the difficulty in producing direct evidence of a defendant's retaliatory motive, circumstantial evidence can suffice. *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010). Disparate treatment, *i.e.*, where one prisoner is punished for conduct that largely goes unpunished, as well as temporal proximity to protected conduct by a prisoner, can be used to demonstrate retaliatory intent. *Id.*

Plaintiff provides scant evidence of retaliatory intent. He does not point to any disparate treatment or argue temporal proximity. Indeed, the only evidence that Plaintiff presents regarding motive is his statement in his verified complaint that BCDC guards told him that Defendant Shirley had directed them to take the actions at issue against him because Defendant Shirley was upset that Plaintiff had reported that Officer Young had stolen money from Plaintiff's wallet. Although statements in a verified complaint may function as the equivalent of affidavit statements for purposes of summary judgment, *see Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992), affidavit statements must be based on personal knowledge. *See* Fed. R. Civ. P. 56(e) (affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"). A party opposing a motion for summary judgment cannot

4

use hearsay evidence to create a genuine issue of material fact. *See Weberg v. Franks*, 229 F.3d 514, 526 n.3 (6th Cir. 2000) (disregarding allegations made in a verified complaint on the grounds that they were based on hearsay rather than personal knowledge).[2] Thus, the Court concludes that Plaintiff has failed to meet his burden to produce any evidence of a "causal connection" between the first two elements of his retaliation claims.

Moreover, Defendant Shirley has presented evidence that Plaintiff was placed in segregation and "maced" for non-retaliatory reasons. In his affidavit, Defendant Shirley avers that Plaintiff was placed in an isolation cell while the Kentucky State Police conducted an investigation into whether Plaintiff had forcibly inserted objects into his cellmate's anus on two occasions. (Shirley Aff., DN 20-2, PageID.87-88); *see also* Incident Report (DN 20-3). Defendant Shirley also attaches an Incident Report from April 17, 2023, which indicates that a BCDC guard gave Plaintiff "a half second of OC" because Plaintiff refused to stop beating on the door of his medical cell. (Incident Report, DN 20-4).

Defendant Shirley also argues that it does not make sense that he would retaliate against Plaintiff for reporting the theft of money from his wallet because he was the one who contacted the Kentucky State Police to investigate the alleged theft and the one who terminated Officer Young for the theft after Officer Young pled guilty to the crime in state court. (Shirley Aff., DN 20-2, PageID.87).

Thus, because there is no evidence from which a jury could reasonably conclude that Defendant Shirley directed that the three adverse actions discussed above be taken against Plaintiff in retaliation for reporting that a BCDC officer stole money from his wallet after booking and

---

[2] Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *See* Fed. R. Evid. 802(c).

refusing "to clear" Defendant Shirley's name, the Court concludes that Defendant Shirley is entitled to judgment as a matter of law.

### B. Fed. R. Civ. P. 56(d)

In response to Defendant Shirley's motion, Plaintiff argues, among other things, that he cannot "prove the claims he has raised" because Defendant Shirley has failed to produce all of the discovery materials he has requested (DN 23). Plaintiff also attaches to his response an affidavit to this effect (DN 23-1). Federal Rule of Civil Procedure 56(d) provides that "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> 1. defer considering the motion [for summary judgment] or deny it;
> 2. allow time to obtain affidavits or declarations or to take discovery; or
> 3. issue any other appropriate order.

The Sixth Circuit has held that the party invoking Rule 56(d) must meet certain technical requirements; namely they must file an affidavit "demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Further, the party's affidavit must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

In the affidavit attached to his response (DN 22-1), Plaintiff avers that he cannot adequately respond to Defendant Shirley's summary-judgment motion because Defendant Shirley has refused to provide him a copy of the video footage of the "macing" incident and the audio recordings of the phone calls he made to his family in which he discussed how money had been stolen from his

wallet. In his response, but not his affidavit, Plaintiff also states that Defendant Shirley has failed to produce all of the grievance he filed while incarcerated at BCDC.

As to the video footage, in the affidavit attached to his reply, Defendant Shirley avers that there is no video footage of the "macing' incident because it was not retained. (Shirley Aff., DN 24-1, PageID.138). Because the Court cannot compel a party to produce something that does not exist, *see Stone v. Collier*, No. 2:19-cv-401, 2020 U.S. Dist. LEXIS 50613, at *15-16 (S.D. Ohio Mar. 24, 2020), the discovery of this evidence is not possible and, therefore, not a reason to defer ruling on Defendant Shirley's summary-judgment motion.

Plaintiff states that he needs the audio recordings of his phone calls to family because those phone calls will show that he frequently complained to them about how a BCDC officer stole money from his wallet. He argues that this is the protected conduct he was engaged in which caused Defendant Shirley to retaliate against him. However, because the Court is already assuming that Plaintiff engaged in protect conduct, these communications would not go to any material fact, and Plaintiff's retaliation claims would still fail for the reasons set forth above.

Finally, although Plaintiff argues that Defendant Shirley did not produce all of the grievances that he filed at BCDC, which is contrary to Defendant Shirley's averment that he did, *see* DN 20-2, PageID.88, these grievances are not pertinent to the Court's resolution of Defendant Shirley's summary-judgment motion.

Thus, the Court concludes that it need not defer ruling on Defendant Shirley's summary-judgment motion so that Plaintiff may obtain the discovery materials discussed above.

## IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Shirley's motion for summary judgment (DN 20) is **GRANTED**.

Date: August 23, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4414.011